UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

v.

BRYAN WHITE,

Defendant.

CRIMINAL ACTION FILE
NO. 4:22-CR-0017-WMR

# ORDER

This matter is before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R&R"), [Doc. 234], which recommends that Defendant Bryan White's Motion to Suppress Wire and Electronic Communications Evidence, [Doc. 197], be denied. Also before the Court are Defendant's Objections to the R&R [Doc. 243]. After reviewing de novo the portions of the R&R objected to and reviewing the remainder for clear error, the Court agrees with the Magistrate Judge's findings. Thus, the Court adopts the R&R, and accordingly, Defendant's Motion to Suppress is **DENIED**.[1]

---

[1] On October 18, 2023, Defendant Wilfort Foster, III filed a Motion to Suppress Intercepted Communications, [Doc. 259], which contains the same substantive arguments as Defendant White's Motion to Suppress Wire and Electronic Communications Evidence. As an initial matter, Defendant Foster's Motion is untimely because the deadlines to file pretrial motions passed on January 26, 2023, in Magistrate Court and on October 16, 2023, under the extension granted by this Court. Thus, his arguments challenging the wiretap orders are waived, and his

I.  **Background**

The facts and procedural history of this case are set forth in the R&R and are fully incorporated herein by reference. For clarity and for ease of reference, the Court will summarize the most pertinent points below.

Defendant is charged with conspiring to possess with intent to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). [Doc. 15-1 at 2]. The Government seeks to use against Defendant evidence obtained from intercepted wire and electronic communications over co-Defendant Frank Miller's cellphones. These interceptions were made pursuant to three Orders Authorizing Interception of Wire and Electronic Communications made in the following cases:

(1) 4:21-MJ-29, in an Order signed on June 22, 2021, by the Honorable Leigh Martin May, United States District Judge (re: Target Telephone 1);

(2) 4:21-MJ-40, in an Order signed on September 14, 2021, by the Honorable Michael L. Brown, United State District Judge (re: Target Telephones 2, 3, and 4); and

---

Motion is denied. Additionally, as Defendant Foster correctly conceded, the Magistrate Judge's ruling on Defendant White's Motion applies with equal force to Defendant Foster's Motion. Accordingly, for the reasons discussed in the R&R and in this Order, his Motion is denied on the merits.

(3) 4:22-MJ-19, in and Order signed on March 15, 2022, by the Honorable Mark H. Cohen, United States District Judge (re: Target Telephones 5, 6, and 7).

Defendant's Motion challenges these wiretaps on grounds that the affidavit supporting the warrants lacked probable cause, that the affidavit and application for each wiretap failed to show necessity as required by 18 U.S.C. § 2518, and on grounds that the latter two wiretaps were invalid extensions of the first wiretap. [Doc. 197].[2]

After reviewing Defendant's arguments, the Magistrate Judge rejected each of them and recommended that Defendant's Motion be denied in its entirety. [Doc. 234]. Defendant has now responded by filing objections to some of the Magistrate Judge's findings and recommendations. [Doc. 243]. Specifically, Defendant objects "to the finding that he did not object to all of the relevant wiretap orders in this case." [*Id.* at 1]. Defendant also objects that, because the first wiretap was legally invalid, the latter two wiretaps were also invalid to the extent that the probable cause supporting them derived from evidence obtained from the first wiretap. [*Id.* at 2].

---

[2] Defendant also cited Federal Rules of Evidence 401 and 403 as separate grounds for excluding evidence from the wiretaps. [Doc. 197 at 2]. The Magistrate Judge rejected Defendant's argument because he did not discuss any specific pieces of evidence that he seeks to exclude under those Rules. [Doc. 234 at 3, n.2]. The Court agrees with the Magistrate Judge and will not exclude any evidence under Rules 401 or 403 at this juncture.

Finally, Defendant objects to the Magistrate Judge's finding that each of the wiretap applications in this case offered sufficient evidence of necessity to be granted. [*Id.*].

## II. Legal Standard

In reviewing an R&R, this Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citations omitted). If no specific objections are made or no objections are made at all, "the appropriate standard of review for the report and recommendation is clear error." *Lattimore v. Bank of Am.*, N.A., 2014 WL 11456272, at *1 (N.D. Ga. Feb. 10, 2014), *aff'd sub nom. Lattimore v. Bank of Am. Home Loans*, 591 F. App'x 693 (11th Cir. 2015). As Defendant has filed timely objections to the R&R in this case, the Court reviews the challenged portions of the R&R de novo and the remainder of the R&R for clear error.

Before considering Defendant's objections, the Court notes that Defendant has not objected to the Magistrate Judge's finding that the latter two wiretaps were based on independent applications and were not mere extensions of the first wiretap

4

[Doc. 243 at 15]. Nor has Defendant objected to the Magistrate Judge's finding that *United States v. Leon*'s good-faith exception applies even if the wiretap orders were not properly issued in this case. [*Id.* at 8–10]. Because there is no clear error in the Magistrate Judge's findings, the Court adopts these findings as the Opinion and Order of the Court. The Court now turns to Defendant's objections.

### III. Discussion

The use of wiretaps is limited by both federal statute and the Constitution. Evidence obtained by wiretap is subject to the Fourth Amendment's prohibition against unreasonable searches. *See Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 970 (11th Cir. 2016) (noting that the Government must show "all that the Fourth Amendment itself requires" to obtain a wiretap). As such, a wiretap must be supported by the same probable cause necessary to obtain a search warrant. *See id.* "Probable cause exists if, 'given all the circumstances set forth in the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). A finding that probable cause exists will be upheld so long as there is a "substantial basis" for that conclusion. *Gates*, 462 U.S. at 238.

The issuance of wiretaps is also governed by 18 U.S.C. § 2518. 18 U.S.C. § 2518(1) sets forth the substantive information that must be contained within every

application for a wiretap. Most relevant for purposes of this Order is § 2518(1)(c)'s requirement that each wiretap application contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." Other required information includes:

> [A] full and complete statement of the facts and circumstances relied upon by the applicant . . . including details as to the particular offense . . . , a particular description of . . . the type of communications sought to be intercepted, [and] the identity of the person . . . whose communications are to be intercepted.

*United States v. Gonzalez Perez*, 283 F. App'x 716, 720 (11th Cir. 2008) (per curiam) (internal marks omitted) (quoting 18 U.S.C. § 2518(1)(b)).

After reviewing the Government's wiretap application, a district court may issue a wiretap order if it determines that:

> (a) there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense . . . ; (b) there is probable cause for belief that particular communications concerning that offense will be obtained through such interception; (c) normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous; [and] (d) . . . there is probable cause for belief that the facilities from which, or the place where, the . . . communications are to be intercepted are being used, . . . are leased to, listed in the name of, or commonly used by such person.

18 U.S.C. § 2518(3). Most relevant for purposes of this Order is § 2518(3)(c)'s necessity requirement, which seeks to ensure that "electronic surveillance is neither routinely employed nor used when less intrusive techniques will succeed." *United States v. Maxi*, 886 F.3d 1318, 1331 (11th Cir. 2018) (quoting *United States v. Van Horn*, 789 F.2d 1492, 1496 (11th Cir. 1986)). However, the necessity requirement does not demand that the Government prove "a comprehensive exhaustion of all possible techniques." *United States v. Goldstein*, 989 F.3d 1178, 1195 (11th Cir. 2021) (quoting *Van Horn*, 789 F.2d at 1496). Nor does the "'partial success of alternative investigative measures' . . . foreclose the use of a wiretap." *Goldstein*, 989 F.3d at 1195 (quoting *United States v. Perez*, 661 F.3d 568, 581–82 (11th Cir. 2011)). Instead, the Government "simply must show why 'investigative techniques that reasonably suggest themselves' have failed or would fail." Goldstein, 989 F.3d at 1195 (quoting *Van Horn*, 789 F.2d at 1496).

"In evaluating whether the Government met its burden, courts must read supporting affidavits in a practical and commonsense fashion, and the district court is clothed with broad discretion in its consideration of the application." *United States v. Hawkins*, 934 F.3d 1251, 1258 (11th Cir. 2019) (quotation marks omitted). Moreover, a wiretap order is granted with the presumption of validity. *United States v. Nixon*, 918 F.2d 895, 901 (11th Cir. 1990). The burden is thus on the Defendant

to overcome this presumption. *Id.* With these principles in mind, the Court considers Defendant's objections.

A. <u>Each of the Wiretap Applications Offered Sufficient Evidence of Necessity.</u>

Defendant objects to the Magistrate Judge's finding that each of the wiretap applications in this case offered sufficient evidence of necessity. [Doc. 243 at 2].[3] After reviewing the affidavits underlying the wiretap orders in this case, the Court agrees with the Magistrate Judge that there was sufficient evidence of necessity to grant each of the wiretap orders. The wiretap orders in this case were each supported by an affidavit of Jeremy Gazerro, an Agent with the Bartow-Cartersville Drug Task Force and a Task Force Officer with the Federal Bureau of Investigation. *See* WIRE-21MJ-29; WIRE-21MJ40; WIRE-22MJ19. Each of Agent Gazerro's affidavits clearly articulates how "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c).

---

[3] Defendant does not articulate in his objection *why* he believes that necessity is lacking or how he believes the Magistrate Judge erred. [Doc. 243 at 2]. Instead, Defendant's objection merely restates the conclusion from his Motion, [Doc. 197], that there was insufficient evidence of necessity. Although the Court need not consider general or conclusive objections, the Court will nevertheless review de novo the law and evidence as applied by the Magistrate Judge. *See United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009).

For example, in Case 4:21-MJ-29, Agent Gazerro's affidavit details that agents used a variety of traditional investigative techniques to obtain information about the alleged drug trafficking and money laundering in this case, including confidential sources, undercover agents, physical surveillance, pole cameras, search warrants, pen registers, trash pulls, and interviews. WIRE-21MJ29-000069–000101. The affidavit explains that while those sources uncovered information about Defendants' alleged operation, they were nevertheless inadequate for obtaining certain evidence that was necessary to understand the innerworkings of the alleged organization. For example, without electronic surveillance of Defendant Miller's phone, agents had to rely on historical information from confidential sources, and agents could not understand the roles (criminal or otherwise) of those who were in contact with Defendant Miller. WIRE-21MJ29-000071, 000087. Although Agent Gazerro's affidavit is full of additional explanations as to why a wiretap was necessary, these two examples suffice to show that the first wiretap was supported by sufficient evidence of necessity.

Moreover, the second and third wiretap orders—which were sought because Defendant Miller repeatedly changed his phone number—were supported by sufficient evidence of necessity. Agent Gazerro explained in his second affidavit that, among other things, the wiretap sought would enable agents to identify drug sources and the specific role of each member of the alleged organization. WIRE-

9

21MJ40-000081. This was not possible with pen register and toll data because those sources do not convey the content of communications or identify who is using a particular device. *Id.* at 000084. Finally, Agent Gazerro's third affidavit explained that the third wiretap order would enable agents to identify, target, and collect evidence regarding members of the alleged organization that had not yet been identified or located. WIRE-22MJ19-000081. Again, Agent Gazerro explained that, although agents had a pen register and trap and trace on the three phone lines that agents sought to wiretap, those traditional investigative techniques fell short because they did not reveal what was discussed or who participated in phone calls. *Id.* at 000082. Thus, the Government satisfied its burden of showing that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried," and the necessity requirement was satisfied as to all three wiretap orders. 18 U.S.C. § 2518(3)(c).[4]

> B. The First Wiretap Order was Supported by Probable Cause, and Defendant Failed to Raise Independent Probable Cause Challenges to the Latter Two Wiretap Orders.

Defendant makes two final, interrelated objections. First, Defendant objects to what he claims was the Magistrate Judge's finding that Defendant "did not object

---

[4] As the Magistrate Judge correctly noted, even if necessity were lacking for any of the wiretap orders, *Leon*'s good-faith exception to the exclusionary rule applies. *See U.S. v. Reese*, 611 F. App'x 961, 967 (11th Cir. 2015).

to all of the relevant wiretap orders in this case." [Doc. 243 at 1]. Careful review of the R&R shows, however, that the Magistrate Judge made no such finding. Instead, the Magistrate Judge found that "the defendant has only asserted that *probable cause* is lacking in the Affidavit supporting the Application in case 4:21-MJ-29 . . . . Thus, any objections over whether *probable cause* existed to support the Affidavits for the other two Applications is waived." [Doc. 234 at 6–7] (emphasis added). Therefore, the Magistrate Judge found only that Defendant failed challenge whether there was probable cause for the latter two wiretap orders, and in accordance with this finding, the Magistrate Judge still considered Defendant's necessity arguments as to the latter two wiretap orders. *See* [*Id.* at 12–14]. Stated differently, the Magistrate Judge's consideration of Defendant's necessity arguments as to the latter two wiretap orders proves that the Magistrate Judge did not find that Defendant "did not object to all of the relevant wiretap orders in this case." [Doc. 243 at 1].

The quoted language that Defendant uses to support his objection does not indicate otherwise. *See* [Doc. 243 at 1]. Namely, Defendant's objection quotes an excerpt from his Motion, but the quoted language clearly relates to the *necessity* requirement, not the probable cause requirement. *Id.*[5] And, as discussed above, the

---

[5] The final two sentences of the quote read: "Little new information is provided about the investigation that could not have been discovered through traditional investigation methods. The government failed to show that additional wiretap warrants were necessary." [Doc. 243 at 1] (quoting [Doc. 197 at 10]).

11

Magistrate Judge considered Defendant's necessity arguments. *See* [Doc. at 12–14]. In conclusion, because the Magistrate Judge did not find that Defendant failed to object to the latter two wiretap orders, Defendant's objection as to this issue is overruled.

Defendant's final objection is that evidence gathered pursuant to the latter two wiretap orders should be suppressed. [Doc. 243 at 2]. Defendant reasons that, because the first wiretap order was legally invalid, the latter two wiretap orders were also invalid to the extent that evidence from the first wiretap was used to support probable cause findings for the latter two orders. [*Id.*]. The Court disagrees, however, because the first wiretap order was properly granted and legally valid.

As discussed above, the application and affidavit supporting the first wiretap order contained sufficient evidence of necessity. Defendant's only other challenge to the validity of first wiretap order is that it lacked probable cause. *See* [Doc. 197 at 4–6]. Specifically, Defendant argued in his Motion that probable cause was lacking for the first wiretap order because the information that agents had was "historical in nature" and the confidential sources and cooperating defendants had credibility concerns due to their involvement in drug trafficking activities. [*Id.* at 5–6]. However, as the Magistrate Judge correctly concluded, there was ample evidence in Agent Gazerro's affidavit to conclude that there was more than a "fair probability

12

that contraband or evidence of a crime" would be found in Defendant Miller's electronic communications. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Thirty pages of Agent Gazerro's affidavit is devoted to describing in detail the evidence that established probable cause for the first wiretap order. *See* WIRE-21MJ29-000038–000069. Agent Gazerro's account includes explanations of how he and other agents elicited information from a variety of sources, corroborated that information by executing search warrants and setting up controlled buys, and ultimately developed overwhelming evidence that Defendant Miller and other members of his alleged organization were distributing large quantities of illegal drugs throughout the Southeast. [*Id.*].[6] As it relates to the target telephone that was the subject of the first wiretap order, agents also had information that Defendant Miller was transitioning phone numbers to the target telephone and that Defendant Miller was using the target telephone to conduct drug trafficking activities. [*Id.* at 000068–000069]. Considering all the evidence set forth in Agent Gazerro's affidavit, there was far more than a "substantial basis" for concluding that probable cause existed for the first wiretap order. *Gates*, 462 U.S. at 238. Having found that the first wiretap order was properly granted, the Court accordingly rejects

---

[6] In footnote 3 of the R&R, the Magistrate Judge details how agents used multiple sources of information to link Defendant to co-Defendant Miller and drug trafficking activities. This information supported a finding of probable cause, and the Court adopts the Magistrate Judge's findings in footnote 3 as if set forth fully herein.

Defendant's objection that evidence from the latter two wiretaps should be suppressed as improper fruits of the first wiretap. [Doc. 197 at 2].[7]

## IV. Conclusion

After reviewing de novo the portions of the R&R objected to and reviewing the remainder for clear error, the Court agrees with the Magistrate Judge's findings. Thus, the Court adopts the R&R's recommendation as the Opinion and Order of the Court. Accordingly, Defendant's Motion to Suppress Wire and Electronic Communications Evidence is **DENIED**.

**IT SO ORDERED**, this 19th day of October, 2023.



WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

---

[7] Again, even if any of the wiretap orders lacked probable cause, *Leon*'s good-faith exception to the exclusionary rule applies. *See U.S. v. Reese*, 611 F. App'x 961, 967 (11th Cir. 2015).